**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Lawrence Turner, | No. CV-16-04409-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Revana, | |
| Defendant. | |

Plaintiff Stephen Turner, proceeding *in forma pauperis*, brought this action on December 15, 2016, alleging that his employer, Defendant Revana, discriminated against him because of his race and/or color in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1.) At issue are Turner's Motion to Add Judgment from Arizona Labor Department Agency to This Civil Case, (Doc. 7), and Motion for Appointment of Counsel, (Doc. 8). For the following reasons, both motions are denied.

**I. Motion to Add Judgment from Arizona Labor Department**

Turner requests that the Court "add the judgment ordering Revana to pay me commissions owed. The time limit to initiate the claim form/court order to be sent to Revana requesting payment has expired." (Doc. 7.) It is not clear from the motion what Turner is asking the Court to do. To the extent Turner is seeking leave to amend his complaint to add an additional claim for relief against Revana, he does not need permission from the Court at this stage of the litigation. Pursuant to Federal Rule of Civil

Procedure 15(a)(1):

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is require, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Turner has not yet served Revana with the complaint. If Turner wants to allege an additional claim to relief, he may amend his complaint as a matter of course without prior permission from the Court. Turner's Motion to Add Judgement From Arizona Labor Department, which the Court interprets as a motion for leave to amend the complaint, therefore is denied as moot.

## II. Motion for Appointment of Counsel

There is no constitutional right to the appointment of counsel in civil cases, but Title VII gives the court broad discretion to appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B); *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). When considering such a request, "[t]he court is required to assess: (1) the plaintiff's financial resources, (2) the efforts made by plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308–10 (5th Cir. 1977)). The plaintiff has the burden of persuasion as to all three factors, and an unfavorable finding as to any one factor may defeat the request. *Miljkovic v. Univ. of Hawaii*, Civ. No. 09-00064 ACK-KSC, 2010 WL 346450, at *1 (D. Haw. Jan. 27, 2010) (citing *Caston*, 556 F.2d at 1310; *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992); *Darden v. Illinois Bell Tel. Co.*, 797 F.2d 497, 501 (7th Cir. 1986)).

The Court's December 16, 2016 order, (Doc. 5), granting Turner's motion to proceed *in forma pauperis* "*a fortiori* resolve[s] the first issue," in his favor because, "[a]

lesser showing of indigency is required to satisfy the test for appointment of counsel." *Bradshaw*, 662 F.2d at 1319.  Turner, however, has not carried his burden on the remaining two elements.

First, Turner does not address his efforts to secure counsel.  Although a plaintiff is not expected "to exhaust the legal directory," *Caston*, 556 F.2d at 1309, he must make "a reasonably diligent effort under the circumstances to obtain counsel," *Bradshaw*, 662 F.2d at 1319.  The court must consider both the quantity and quality of a plaintiff's efforts.  *See Hosea v. Donley*, No. 5:11-cv-02892 EJD, 2012 WL 5373406, at *1-2 (N.D. Cal. Oct. 30, 2012).  "Factors to be considered include the number of attorneys contacted, the availability of counsel in the geographical area who represent employment discrimination claimants, and the plaintiff's possible skill or lack of skill at obtaining such help."  *Castner*, 979 F.2d at 1422.  The court should also consider the reasons that each attorney contacted refused to take the case.  *Reddy v. Precyse Solutions LLC*, No. 1:12-cv-2061 AWI SAB, 2013 WL 2603413, at *2 (E.D. Cal. June 11, 2013).  At a minimum, "[a] reasonably diligent attempt to secure counsel means . . . speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement."  *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 649 (E.D. Tex. 1998).  Turner has not made this minimum showing.

Second, before the court may appoint counsel in an employment discrimination case, the plaintiff must demonstrate that his case has "some merit."  *Bradshaw*, 662 F.2d at 1319.  Here, Turner alleges that Revana discriminated against him on the basis of his race and/or color by, among other things, terminating his employment, failing to promote him, imposing upon him terms and conditions of employment that were different from other employees, and by neglecting to register him and his pet for health insurance.  (Doc. 1.)  Turner filed these charges against Revana with the Equal Employment Opportunity Commission (EEOC) on August 19, 2016.  (*Id.* at 4.)  On September 28, 2016, the EEOC issued Turner a Notice of Right to Sue Letter, in which the EEOC explained that it "does not believe that additional investigation would result in our

finding a violation." (*Id.* at 15.)

On this issue, the EEOC's administrative finding is highly probative. *Castner*, 979 F.2d at 1422. Although the court may not "give preclusive effect to an EEOC finding that the evidence does not support a finding of discrimination," the court should "inquire of plaintiff as to the validity of the no reasonable cause determination and why plaintiff considers the determination to be in error." *Id.*; *Bradshaw*, 662 F.2d at 1309 n.20 (quoting *Caston*, 556 F.2d at 1309). In addition to the allegations in the plaintiff's complaint, the court may consider the EEOC's finding, the plaintiff's reasons for believing the agency's determination is erroneous, the EEOC's investigative file, and other information provided by the plaintiff. *Terry v. Haw. Air Nat. Guard*, Civ. No. 13-00295-LEK-RLP, 2013 WL 3354562, at *2 (D. Haw. July 3, 2013); *Siales v. Haw. State Judiciary*, Civ. No. 11-00299 LEK-RLP, 2011 WL 2118573, at *5 (D. Haw. May 19, 2011) *report and recommendation adopted*, Civ. No. 11-00299-LEK-RLP, 2011 WL 2115854 (D. Haw. May 26, 2011). "[A] finding that the EEOC determination is supported by substantial evidence in the investigative file and that plaintiff's objections thereto are patently frivolous would weigh heavily in the scales against appointing an attorney." *Bradshaw*, 662 F.2d at 1309 n.20 (quoting *Caston*, 556 F.2d at 1309). Turner does not explain in his motion why he believes the EEOC's determination was erroneous, nor does he supply information about the EEOC's investigation other than the Notice of Right to Sue Letter.

Although Congress has authorized the court to appoint counsel in employment discrimination cases, it "has not been as generous in providing compensation for counsel as it has in authorizing court appointments." *Bradshaw v. U.S. Dist. Court for S. Dist. of Cal.*, 742 F.2d 515, 516 (9th Cir. 1984). Consequently, "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Castner*, 979 F.2d at 1421. The Court, therefore,

denies Turner's motion, mindful that the appointment power must be reserved for appropriate cases in which genuine need is satisfactorily demonstrated.

**IT IS ORDERED** that Turner's Motion to Add Judgment from Arizona Labor Department Agency to This Civil Case, (Doc. 7), is **DENIED** as moot and his Motion for Appointment of Counsel, (Doc. 8), is **DENIED** without prejudice to Turner renewing his request after making reasonable efforts to obtain counsel on a contingency fee basis and explaining the reasons he believes the EEOC's determination regarding his charges of discrimination was erroneous.

Dated this 19th day of January, 2017.

Douglas L. Rayes
United States District Judge